IN THE UNITED STATES DISTRICT COURT
FOR THE **SOUTHERN** DISTRICT OF TEXAS
**CORPUS CHRISTI** DIVISION

Clerk, U.S. District Court
Southern District of Texas
FILED
AUG 11 2016
David J. Bradley, Clerk of Court

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

**AUNDRA B. JACKSON #1992365**
Plaintiff's name and ID Number

**William McConnell Unit**
Place of Confinement

CASE NO: **2:16cv338**
(Clerk will assign the number)

v.

**BRYAN GORDY**
**4304 HWY. #202, Beeville, Tx., 78102**
Defendant's name and address

**PHONSO J. RAYFORD**
**4304 Hwy. #202, Beeville, Tx., 78102**
Defendant's name and address

**CAPTAIN MARTINEZ - (F.N.U)**
**4304 HWY. 202, Beeville, Tx. 78102**
Defendant's name and address
(DO NOT USE "ET AL.")
**(F.N.U.- First Name Unknown)**

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

Jeremy Delossantos
125 Private ROAD. 4304, Hondo, Tx, 78861

Correctional Officer Santiana-* (F.N.U.- First Name Uknown)
4304 Hwy. 202, Beeville, Tx, 78102

1a.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I. PREVIOUS LAWSUITS:**

    A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?   _____ YES __✓__ NO

    B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _____

        2. Parties to previous lawsuit:
           Plaintiff(s): _____

           Defendant(s): _____

        3. Court (If federal, name the district; if state, name the county) _____

        4. Docket Number: _____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?)

           _____

        7. Approximate date of disposition: _____

**II. PLACE OF PRESENT CONFINEMENT:** William McConnell Unit

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: AUNDRA B. JACKSON
3001 South Emily Drive, Beeville, Tx., 78102

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: BRYAN GORDY, WARDEN, RAUL R. GARZA EAST UNIT, Texas Department of Criminal Justice, 4304 HWY. 202, Beeville, Tx., 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
See acts or omissions added on attachment 3a.

Defendant #2: PHONSO J. RAYFORD, Assistant Warden, RAUL R. GARZA EAST Unit, Texas Dept. of Criminal Justice, 4304 HWY. 202, Beeville, Tx. 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
See acts or omissions added on attachment 3a.

*(F.N.U.) — Defendant #3: CAPTAIN MARTINEZ, Captain, RAUL R. GARZA EAST Unit, Texas Dept. of Criminal Justice, 4304 HWY. 202, Beeville, Tx. 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
Deliberate Indifference with reckless disregard to my serious medical need.

Defendant #4: Jeremy Delossantos, Lieutenant, Torres Unit, Texas Department of Criminal Justice, 125 Private Road #4304 Hondo, Texas, 78861

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
failed to relocate (upon my request) me to prevent assault from occuring

*(F.N.U.) — Defendant #5: Santiana, Correctional Officer, RAUL R. GARZA EAST Unit, Texas Dept. of Criminal Justice, 4304 HWY. 202, Beeville, Tx., 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
Tacitly observed my assault and did nothing to stop the attack nor attempt to intervene

(acts or omission continued on attachment 3a.)

*(F.N.U. — First Name Unknown)

Continued... "Parties To This Suit"...

Defendant #1:
Briefly describe the act(s) or omission(s) of this defendant which you claim harmed you: Inadequate training of staff or supervising sufficiently, Inadequate staffing/Under-staffed, Inadequate system for preventing staff indifference, discrimination and life endangerment.

Defendant #2:
Briefly describe the act(s) or omission(s) of this defendant which you claim harmed you: Inadequate training of staff or supervising sufficiently. Inadequate staffing/under-Staffed, Inadequate system for preventing staff indifference, discrimination and life endangerment.

Each defendant is sued individually and in his or her individual capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

**V. STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

This 1983 Civil Rights Complaint brought by AUNDRĀ B. JACKSON a state prisoner seeking to enjoin and redress the deprivation of rights, privileges and immunities secured by the Texas Constitution and protected under the Fifth, Eighth, and Fourteenth Amendment of the United States Constitution. At all times relevant to the incidents related herein the plaintiff was a prisoner in the custody and care of the State of Texas being confined to the Texas Department of Criminal Justice-Correctional Institution Division (T.D.C.J.-C.I.D.) and domiciled at the Raul R. GARZA East Unit in Beeville, Tx, as offender #1992365. (continued on attachments 4a-4c.)

**VI. RELIEF:** State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

Relief added on attachment 4d.

---

**VII. GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

AUNDRĀ BURNETT JACKSON

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

Colorado Department of Corrections #87505

**VIII. SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____
2. Case Number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

## V. STATEMENT OF CLAIM continued:

1.) On September 2, 2015 at the Raul R. Garza East Unit I requested to Lieutenant Jeremy DelosSantos to re-house to a different dorm because of the racial between inmates in the dorm I was in. I feared for my safety and feared imminent danger from other inmates. Lt. Jeremy Delossantos agreed and told me "I (he) will have you moved". Lt. Jeremy Delossantos never re-housed me. 2.) It is my belief Lt. Jeremy Delossantos motive for not reassigning or re-housing me to a different dorm is attributed to lingering hostility between Lt. Jeremy Delossantos and myself stemming from an August 8th, 2015 (Please REFER To Exhibit "H") incident in which Lt. Jeremy Delossantos put me in solitary confine-........

(continued on 4b attachment)

4a.

...Statement of Claim continued:...

-ment (administration Segregation) followed by me submitting a grievance against Lieutenant Jeremy Delossantos. 3.) On September 3rd, 2015 I was violently assaulted by a group of inmates Correctional Officer Santiana watched and did not attempt to stop the assault or attempt to intervene. My Fibula was broken in my right leg and I suffered several lacerations on my right leg, and facial swelling. (Refer to Exhibit "A to G") 4.) After my assault my assault I told captain Martinez that I could not walk on my leg. Captain (Cpt.) Martinez twice ordered me to walk to the back sally-port seeing that I was unable to. I was caused to suffer more pain and humiliation being ordered to perform a task I was incapable of doing. 5.) For seven (7) days while in Solitary confinement. I told the Correctional Officers (C.O.) working that my leg was broken and that I wanted to see a doctor and I was denied, deprived of readily available medical attention and aid. 6.) On September 15, 2015 I wrote to the Unit Offender Investigator General (O.I.G.) in attempt to pursue criminal charges against my attackers. Captain Martinez, Lt. Jeremy Delossantos, and C.O. Santiana did not write any disciplinary cases on my attackers, which concealed their identity depriving me of knowing their names. Also I wrote the grievance department along with O.I.G. and did not receive a response from either department. Depriving me of due process of law to confront my attackers through filing criminal charges, and to be heard by a criminal court judge.

....Statement of Claims Continued...

7.) I was assigned to Administration Segregation from September 3rd, 2015 to December 17, 2015 under the Offender Protection Investigation (O.P.I.) program being continually transferred to 6 different T.D.C.J.-C.I.D. units with no access to law library, or telephones, exposed to undue suffering having to hop on one leg to get on and off T.D.C.J.-C.I.D. transport buses, evidenced (Refer to Exhibits "J to U"), cruel and unusual punishment, aggravation of pain.

8.) On November 25, 2015 I arrived to William P. Clemens Unit. The staff ignored my bottom bunk restrictions and I was forced by threats by Seargent Sneed to accept a top bunk assignment. (on a surgically repaired leg). I fell off the top bunk on two seperate occassions attempting to climb on the top bunk. (Refer to Exhibit "I")

9.) The day of my assault at the Raul R. Garza East Unit, the dormitory building was under-staffed. The lack of Correctional Officers exposed a risk to my safety and known imminent danger that staff was aware of, and failed/refused to protect me.

  I (the plaintiff) have no plain, adequate, or complete remedy at law to redress the wrongs described herein. By staff refusing to move me to a different dorm to prevent the assault from occuring and delaying/depriving me of seeing a Doctor, allowed excessive scare tissue to build up, in my foot. I have been been diagnosed by T.D.C.J.-C.I.D. Doctor's of suffering with Arthritis and walk with a limp because of extreme pain in my foot. I have been and will continue to be irreparably injured by the conduct of the defendants unless this court grant the compensatory, and punitive relief which I seek.

4c.

# V. RELIEF

WHEREFORE, plaintiff respectfully pray that this court enters judgement granting plaintiff:

a.) Compensatory damages in the amount of $200,000.00 against Jeremy Delossantos.

b.) Compensatory damages in the amount of $75,000.00 against Bryan Gordy, B. Barnett, and Correctional Officer Santiana.

c.) Compensatory damages in the amount of $60,000.00 against Captain Martinez.

d.) Compensatory damages in the amount of $50,000.00 against Phonso J. Rayford.

e.) Punitive damages in the amount of $200,000.00 against Jeremy Delossantos.

f.) Punitive damages in the amount of $100,000.00 against Correctional Officer Santiana.

g.) Punitive damages in the amount of $75,000.00 against Bryan Gordy, B. Barnett, and Captain Martinez.

h.) Punitive damages in the amount of $50,000.00 against Phonso J. Rayford.

i.) A jury trial on all issues triable by jury.

j.) Plaintiff's legal fees in this suit.

k.) Also any additional relief this court deems just, proper, and equitable.

4d.

C. Has any court ever warned or notified you that sanctions could be imposed?  ____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: __08-08-16__
              DATE

AUNDRĀ B. JACKSON
_Aundrā B. Jackson_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __8th__ day of __August__, 20 __16__.
        (Day)           (Month)     (year)

AUNDRĀ B. JACKSON
_Aundrā B. Jackson_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator ID #: _____
Extension Date: _____
Date Retd to Offender: _____

Offender Name: AUNDRA B. JACKSON  TDCJ #: 1992365
Unit: William McConnell   Housing Assignment: 4F-1-4B
Unit where incident occurred: GARZA EAST

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Lt. Dellosantos, C/O Santiana    When? Sept 2, 2015 / Sept. 3, 2015

What was their response? Lt. Dellosantos told me that he and the other Ranking officers knew about the racial tension and that I could be moved.

What action was taken? Lt. Dellosantos informed higher ranking officers of the problem, I was not moved.

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

On September 14, 2015 I wrote a grievance and turned it in while I was housed in Admin. Seg. in protective custody (O.P.I status) at the Garza East Unit. I have not received back a response to my original grievance. In November I was put on farm Chain to Bill Clements Unit and upon my arrival to Bill Clement Unit I sent an I-60 to the grievance department at Garza East Unit inquiring about the disposition of my grievance filed on September 14, 2015. Thus I'm filing this grievance due to said officials denying me my rights to Access of courts in regards to the following. On September 3, 20th I was jumped and beaten unconscious by 4 Vallucco gangmembers and sustained a broken right Fibula in my right leg. A week before I was beaten there was a fight involving a black man and a Vallucco gangmember. Lt. Guittierez addressed the entire dorm concerning the racial tension and both men were removed out of the dorm the next morning. On September 2, 2015, I was confronted by 12 Vallucco gangmembers in Dorm C-7, they wanted to fight me (jump me) but the picket officer got on the intercomm and intervened and Lt. Dellosantos came and addressed the dorm and specifically told the Vallucco gangmember in 28 bunk that "He'd better not be causing any problems". At chow I spoke with Lt. Dellosantos and told him the Lt. that I wanted to be moved because of the racial tension. The Lt. agreed (but I was not moved) I further explained to Lt. Dellosantos that the Vallucco gangmember that he had spoken to in Bunk 28 stated out loud to the dorm "all you niggers got 24 hours to get out of the dorm. Lt. Della-Santos, stated don't worry about nothing I will move you to a different dorm. I informed the 2nd shift Seargent of what I told Lt. Dellosantos and that I wanted to be moved. The next day while I was in the dayroom the Vallucco gangmember in 28 bunk said "I told you to get out of here" while I was telling him that I didn't want any trouble I was attacked from behind. 4 Vallucco gangmembers beat me unconsciously. When I regained

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

consciousness my right leg was facing the oppressive direction of my leg. The dorm was under-staff that day, instead of 3 officers working the dorm it was only 2, C/O Santiana and the Picket officer. When Captain Martinez came, I told the Captain my leg was broken, the Captain ordered me to walk to the back sally port on my broken leg, I told her that I couldn't, and she replied, "I need you told walk to the back sally port" I was wheelchaired to medical, I told the nurse that my leg was broken. The nurse replied "If your leg was broken you would be screaming", I asked to see a doctor. The nurse replied that I didn't need to see a doctor". The officer put me in Admin. Seg., For 6 days I ask to see a doctor but was denied and neglected of proper medical care, while in want of medical attention while in severe pain. On the 7th day I was finally allowed to see a doctor, 2 weeks later I had to have surgery, I received a steel plate and 6 screws in my leg. I remained in Seg. until November 21, 2015 and transfered to Bill Clements Unit. For 79 days I remained Either on CHAIN (medical) and segregation and denied access to courts.

Action Requested to resolve your Complaint. Request Corrective Actions be taken          FEB 0 8 2016

Offender Signature: _____ Date: 02-03-2016

Grievance Response:

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:       *Resubmit this form when the corrections are made.

☒ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

GI Printed Name/Signature: J Garcia / [signature]

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

**OFFICE USE ONLY**
Initial Submission       UGI Initials: [illegible]
Grievance #: 2016088090
Screening Criteria Used: #1 899
Date Recd from Offender: FEB 0 8 2016
Date Returned to Offender: FEB 0 8 2016

2nd Submission       UGI Initials: SG
Grievance #: 2016088090
Screening Criteria Used: #1 899
Date Recd from Offender: 2-9-16
Date Returned to Offender: 2-9-16

3rd Submission       UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

# Texas Department of Criminal Justice
## STEP 2 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: 2016089123
UGI Recd Date: 4-27-16
HQ Recd Date: MAY 02 2016
Date Due: 6-6
Grievance Code: 904
Investigator ID#: 12245
Extension Date: 7-16

J3, 3-12
J3

Offender Name: AUNDRA B. JACKSON  TDCJ # 1992365
Unit: William McConnell  Housing Assignment: 11TR-4B
Unit where incident occurred: Raul R. Garza East

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Of the gross negligence and reckless disregard for my safety and health. T.D.C.J.-C.I.D. and its high ranking officials, and employees particularly the Raul R. Garza East Unit, William P. Clements Unit, U.T.M.B. nurses and certain doctors deprived me of my fifth Amendment right not to be in jeopardy of life or limb, my eigth Amendment right to be free of cruel and unusual punishment, and my fourteenth Amendment right to be free from "deprivation of due process of my Civil Rights and constitutional Rights. On September 2, 2015 I sought the help of Lueitenant (Lt) DellaSantos to be moved to a different dorm for fear of assault. I was not moved. September 3, 2015 I was violently assaulted in the middle of the dayroom (a safe zone) While C.O. Santi- ana and the picket officer acquiescently watched and did nothing nor attempt to stop the assault or attempt to intervene. After the violent assault Captain R. Martinez twice ordered me to walk to the back sally port after I repeatedly told her "I can't walk on my leg". At the Raul R. Garza East medical office I told U.T.M.B. nurses that my leg was broken, and that I want to see a doctor. I was denied and was taken to Solitary Confinement, where I stayed for 7 days in servere pain, in want of medical attention. Seven days I told officers and nurses I wanted to see a doctor, and was denied. September 10, 2015 I was taken to Raul R. Garza West where X-rays revealed my broken leg. September 12, 2016 I was put on special chain and September 12, 2015 to December 17, 2015 I remained in transient (O.P.I. custody) status being housed at 6 T.D.C.J. unit in a 3 month period, in severe pain hopping on and of T.D.C.J. buses, using one leg. I received surgery on 9-22-15, a steel plate with 6 screws was put in my leg. October 2, 2015 the stitches in my leg was prematurely taken out by U.T.M.B. doctor at John Sealy hospital. October 5, 2015 the surgical wound burst completely open infected with Staph.. November 24, 2015 at William P. Clements Unit I was forced by Seargent SNEED to sleep on top bunk

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

declined at first. Sgt. Sneed threatened to write me a case and to put me in solitary confinement. In attempt to climb onto the top bunk with one leg I fell on the floor. I received bottom bunk pass by doctors and still forced to sleep on a top bunk. I am hurt and very angry about the treatment by T.C.O.J. officers lack of high Rank enforcing policy and the unofficial custom of depriving myself and other inmates of their Civil Rights and Constitutional Rights.

Offender Signature: Quindin D. Jackson       Date: 04-26-2016

**Grievance Response:**

An investigation was conducted into your complaint. However, you did not provide any new or additional information at Step 2 that would change the outcome of the Step 1 response. Therefore, no further action is warranted by this office.

Signature Authority: **B. BARNETT** BBarnett       Date: 6-10-16

| Returned because: *Resubmit this form when corrections are made. | OFFICE USE ONLY |
|---|---|
| ☐ 1. Grievable time period has expired. | **Initial Submission**   CGO Initials: _____ <br> Date UGI Recd: _____ |
| ☐ 2. Illegible/Incomprehensible.* | Date CGO Recd: _____ |
| ☐ 3. Originals not submitted. * | (check one) ___ Screened  ___ Improperly Submitted <br> Comments: _____ |
| ☐ 4. Inappropriate/Excessive attachments.* | Date Returned to Offender: _____ |
| ☐ 5. Malicious use of vulgar, indecent, or physically threatening language. | **2nd Submission**   CGO Initials: _____ <br> Date UGI Recd: _____ |
| ☐ 6. Inappropriate.* | Date CGO Recd: _____ <br> (check one) ___ Screened  ___ Improperly Submitted <br> Comments: _____ |
| | Date Returned to Offender: _____ |
| CGO Staff Signature: _____ | **3rd Submission**   CGO Initials: _____ <br> Date UGI Recd: _____ <br> Date CGO Recd: _____ <br> (check one) ___ Screened  ___ Improperly Submitted <br> Comments: _____ <br> Date Returned to Offender: _____ |

I-128 Back (Revised 11-2010)                                   Appendix G

AUNDRÃ B. JACKSON #1992365
William McConnell Unit
3001 S. Emily Drive
Beeville, Tx., 78102

Clerk, U.S. District Court
Southern District of Texas
FILED
AUG 11 2016
David J. Bradley, Clerk of Court

U.S. District
1133 N. Shor
CORPUS CHRI
78401

SAN ANTONIO PBDC
TUE 09 AUG 2016 PM