Case 2:16-cv-00338   Document 46   Filed in TXSD on 03/17/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AUNDRA B JACKSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-338 |
| § | |
| BRYAN GORDY, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at TDCJ-CID's McConnell Unit in Beeville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants at the TDCJ-CID Garza East Unit in Beeville, Texas, failed to protect him from an attack by other inmates and were deliberately indifferent to his serious medical needs (D.E. 1). Pending is plaintiff's motion for appointment of counsel (D.E. 45).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance."

*Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not overly complex. According to plaintiff, defendants failed to protect him from an assault and were deliberately indifferent to his serious medical needs after the attack. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. His testimony during the evidentiary hearing revealed that he understands the factual basis of his claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney

on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 45) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

    ORDERED this 17th day of March, 2017.

                                                  _____
                                                  B. JANICE ELLINGTON
                                                  UNITED STATES MAGISTRATE JUDGE